# IN THE COURT OF APPEALS OF IOWA

No. 17-1578
Filed November 21, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MOHAMED ELAMIN,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Washington County, Crystal S. Cronk, District Associate Judge.

A defendant appeals his conviction of possession of a controlled substance.

**AFFIRMED.**

Rockne O. Cole of Cole Law Firm, PC, Iowa City, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., McDonald, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**McDONALD, Judge.**

Following a trial on the minutes of testimony, Mohamed Elamin was convicted of possession of a controlled substance, first offense, in violation of Iowa Code section 124.401(5) (2017). In this direct appeal, Elamin contends the district court erred in denying his motion to dismiss for alleged violations of Elamin's right to speedy indictment pursuant to Iowa Rule of Criminal Procedure 2.33(2)(a). Our review is for the correction of legal error. *See State v. Williams*, 895 N.W.2d 856, 860 (Iowa 2017).

We conclude the district court did not err in denying the motion to dismiss. The defendant concedes the district court's ruling was correct pursuant to *State v. Williams*, which was decided after the district court denied Elamin's motion to dismiss. *See* 895 N.W.2d at 858. The defendant contends, however, *Williams* should not be applied retroactively to his case. We disagree. This court has repeatedly applied *Williams* retroactively to cases pending at the time *Williams* was filed, and this court has explicitly held *Williams* shall apply retroactively until the supreme court holds otherwise. *See State v. Dormire*, No. 16-1747, 2018 WL 2085199, at *2 (Iowa Ct. App. May 2, 2018) ("As of yet, the supreme court has not addressed how the *Williams* holding should be applied. Without a statement that the decision is to operate prospectively only, we will apply *Williams* retroactively."); *State v. Lepon*, No. 16-0117, 2017 WL 4049829, at *3 (Iowa Ct. App. Sept. 13, 2017) (applying *Williams* retroactively); *State v. Faber*, No. 16-1553, 2017 WL 4050112, at *1 (Iowa Ct. App. Sept. 13, 2017) (same); *State v. Carney*, No. 16-1618, 2017 WL 3065164, at *2 (Iowa Ct. App. July 19, 2017) (applying *Williams* to

appeal pending at time *Williams* was filed).  We see no reason to deviate from the rationale and holdings of our prior opinions.

We affirm the defendant's conviction and sentence.

**AFFIRMED.**